UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Jonathan Lee Riches, | ) | |
| | ) | |
| Plaintiff, | ) | **Report and Recommendation** |
| | ) | |
| vs. | ) | |
| | ) | |
| Ayaan Hirsi Ali; | ) | C/A No. 6:07-4136-MBS-WMC |
| | ) | |
| Altria Group Inc., d/b/a Philip Morris USA, a/k/a Philip Morris International; | ) | C/A No. 6:07-4137-MBS-WMC |
| | ) | |
| Steven Zirnkilton, d/b/a Law and Order; | ) | C/A No. 6:07-4138-MBS-WMC |
| | ) | |
| Bruce Horovitz, d/b/a USA Today Reporter, Julie Schmit, d/b/a USA Today Reporter, Del Jones, d/b/a USA Today Corporate Management Reporter; | ) | C/A No. 6:07-4139-MBS-WMC |
| | ) | |
| Harry Belafonte, d/b/a UNICEF Goodwill Ambassador; | ) | C/A No. 6:07-4141-MBS-WMC |
| | ) | |
| WFMY News 2, d/b/a digtriad.com; | ) | C/A No. 6:07-4142-MBS-WMC |
| | ) | |
| WLTX News 19, d/b/a WLTX.com; | ) | C/A No. 6:07-4143-MBS-WMC |
| | ) | |
| The Sundance Film Festival, Geoffrey Gilmore; | ) | C/A No. 6:07-4144-MBS-WMC |
| | ) | |
| Power 99.3 FM, Hot 97 FM; | ) | C/A No. 6:07-4145-MBS-WMC |
| | ) | |
| Defendants. | ) | |

The Plaintiff, Jonathan Lee Riches (Plaintiff), is an inmate at FCI-Williamsburg. Plaintiff filed the nine (9) civil actions listed above *in forma pauperis* under 28 U.S.C. § 1915, and pursuant to 42 U.S.C. § 1983.[1] Plaintiff seeks monetary damages for alleged

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

civil rights violations against a variety of Defendants. The Court addresses the claims set forth in each of the complaints below.

### *Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the above listed *pro se* complaints pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

The complaints herein have been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (*per curiam*). Even under this less stringent standard, however, Plaintiff's *pro se* complaints are subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387,  (4th Cir. 1990).

### Discussion

1.      ***Riches v. Ayaan Hirsi Ali,* C/A No. 6:07-4136-MBS-WMC**.

Plaintiff, who moves under 42 U.S.C. 1983, alleges that his right to practice religion is being denied by the Defendant. Plaintiff makes such other nonsensical statements as: "FCI Williamsburg will not let me huddle with a Rabbi, Defendant is subjecting me to Somalis that are Atheist. Defendant placed me in solitary confinement, broke my torah." Plaintiff seeks "$3.5 million" dollars in monetary damages.

As an initial matter, the Defendant is a political writer and film maker. In order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: *(1)* the defendant(s) deprived him of a federal right, and *(2)* did so under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). *See also* 42 U.S.C. § 1983. As Defendant is a private citizen, she does not act "under color of state law", and is not amenable to suit under § 1983. Accordingly, Plaintiff has failed to state a cognizable claim for relief under § 1983. Moreover, as Plaintiff's allegations are clearly baseless and, to a great extent, irrational, they must be dismissed as frivolous under 28 U.S.C. §§ 1915A, 1915(e)(2).

2.  *Riches v. Altria Group, Inc., d/b/a Philip Morris USA, a/k/a Philip Morris International,* **C/A No. 6:07-4137-MBS-WMC**.

Plaintiff claims "FCI Williamsburg will not let me smoke tobacco. If I do I get punished, thrown in solitary confinement for 24 hours a day." Plaintiff also complains, "I have no corn cob pipe. I'm subjected to second hand smoke from guards smoking." Plaintiff seeks three (3) million dollars in compensation.

As the complaint indicates, Altria Group, Inc., is the parent company of Philip Morris International, Inc. As a private sector company, Defendant does not act under color of state law, an essential element of a § 1983 claim. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). *See also* 42 U.S.C. § 1983. Therefore, Defendant Altria Group, Inc., is not amenable to suit under § 1983, and Plaintiff has failed to state a cognizable claim for relief under that statute. Thus, Plaintiff's complaint must be dismissed under 28 U.S.C. §§ 1915A, 1915(e)(2).

**3.**     *Riches v. Steven Zirnkilton, d/b/a Law and Order*, C/A No.  6:07-4138-MBS-WMC.

Plaintiff indicates that, "Defendant's voice is Law and Ordering my illegal treatment in prison. . . Defendant made the sentencing guidelines high for me."  Plaintiff further claims "I'm tortured mentally, locked in a room 24 hours a day like a dog, fed cold food. I don't have sneakers or shoes.  I see no dentist.  I get no mental health treatment.  I get no sunlight."  Plaintiff requests fifty-six (56) million dollars in relief.

Defendant is the actor whose voice is heard during the introductory portion of the television show "Law and Order".  As a private citizen, Defendant does not act under "color of state law", and is not amenable to suit under § 1983.  *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980).  Thus, Plaintiff has failed to state a cognizable claim under § 1983. Moreover, as Plaintiff's allegations are clearly baseless and, to some extent, irrational, they must be dismissed as frivolous under  28 U.S.C. §§ 1915A, 1915(e)(2).

**4.**     *Riches v. Bruce Horovitz, d/b/a USA Today Reporter; Julie Schmit, d/b/a USA Today Reporter; Del Jones, d/b/a USA Today Corporate Management Reporter,* C/A No.  6:07-4139-MBS-WMC.

Plaintiff states the Defendants, who are USA Today journalists, violate his civil rights by failing to report federal prison abuse and, more specifically, by refusing to report Plaintiff's "rapid weight loss due to no food."  Plaintiff also states he is "denied USA today at a respected price" and "FCI Williamsburg won't let me have USA today."  Plaintiff seeks thirty-five (35) million dollars in damages.

As in the above cases, the Defendants are private citizens, which do not act under "color of state law", and are not amenable to suit under § 1983.  As Plaintiff has failed to

5

state a cognizable claim under § 1983, the complaint must be dismissed under 28 U.S.C. §§ 1915A, 1915(e)(2).

5.  *Riches v. Harry Belafonte, d/b/a UNICEF Goodwill Ambassador*, C/A No. 6:07-4141-MBS-WMC.

Plaintiff, who seeks twenty-five (25) million dollars, states:

This is a Ambassador massacre on my civil liberties. No goodwill charities or U.N. soldiers defend me at FCI Williamsburg in solitary. I seek a peace treaty and a DMZ line. I need help. I get no commissary, no stamps to write my family. I can't use the phone. I weigh 120 lbs at 5 ft 10 inches. I'm hungry, cold. Belafonte needs to help. I hear inmates screaming, at night mysterious bugs roam my floor.

The complaint in this case makes no factual allegations against Defendant Belafonte. Although largely irrational, Plaintiff's complaint suggests that Defendant Belafonte's failure to help improve Plaintiff's prison conditions at FCI Williamsburg constitutes a civil rights violation. However, Plaintiff fails to indicate any conduct by Defendant Belafonte that would implicate a right secured by the Constitution or laws of the United States. Although the Court must liberally construe the *pro se* complaint, Plaintiff must do more than make mere conclusory statements to state a claim. *Brown v. Zavaras*, 63 F.3d 967 (10th Cir. 1995); *Adams v. Rice*, 40 F.3d 72 (4th Cir.1994)(affirming district court's dismissal of plaintiff's suit as frivolous where allegation was conclusory and nonsensical on its face); *White v. White*, 886 F.2d 721, 723 (4th Cir. 1989)(where plaintiff's complaint "failed to contain any factual allegations tending to support his bare assertion"). This Court is not required to develop tangential claims from scant assertions in the complaint. *See Beaudett v. City of Hampton*, 775 F.2d 1274 (4th Cir. 1985). The

complaint, which fails to state a claim upon which relief may be granted under § 1983, should be dismissed pursuant to 28 U.S.C. §§ 1915A, 1915(e)(2).

6.     *Riches v. WFMY News 2, d/b/a digtriad.com,* **C/A No. 6:07-4142-MBS-WMC.**

In this action, Plaintiff claims he has no access to a television in solitary confinement, and cannot watch the news. Plaintiff further states, "I don't have access to the weather reports. If a tornado hits FCI Williamsburg, I have no warning, and no window to look out in solitary to prepare myself. I don't have bottle water or flashlights with batteries." Plaintiff requests forty-nine (49) million dollars in damages for "no news abuse."

The Defendant in this case, which is a private company, does not act under "color of state law", and is not amenable to suit under § 1983. Therefore, Plaintiff fails to state a cognizable claim under § 1983, and his complaint should be dismissed under 28 U.S.C. §§ 1915A, 1915(e)(2).

7.     *Riches v. WLTX News 19, d/b/a WLTX.com,* **C/A No. 6:07-4143-MBS-WMC.**

Plaintiff, who seeks fifty (50) million dollars in damages, claims that the Defendant has violated his constitutional rights by failing "to report Genocide, and my civil rights taken from me." Plaintiff further complains that he is "locked in a room 24 hours a day with no medical treatment, cold water, cold vent air, 1 blanket, no long sleeve shirt, no windows to look out of." However, the Defendant is a private company, which does not act under "color of state law". As Defendant is not amenable to suit under § 1983, and Plaintiff has failed to state a cognizable claim under that statute, this complaint should be dismissed under 28 U.S.C. §§ 1915A, 1915(e)(2).

**8.    *Riches v. The Sundance Film Festival; Geoffrey Gilmore,* C/A No. 6:07-4144-MBS-WMC.**

In this complaint, Plaintiff claims that the Sundance Film Festival and it's director, Geoffrey Gilmore, have purchased a program called "How to Rob a Bank". Plaintiff, who requests fifteen (15) million dollars in damages, states:

> Now Sundance is going to show me robbing banks without my consent. My civil rights are violated because I can't attend because I'm kidnapped at FCI Williamsburg in solitary confinement 24 hours a day. If I leave, I get shot and killed and murdered, this is abuse.

As in the above cases, Plaintiff has sued a private citizen and private company, which are not "state actors" amenable to suit under § 1983. Therefore, Plaintiff has failed to state a cognizable claim under § 1983, and the complaint must be dismissed under 28 U.S.C. §§ 1915A, 1915(e)(2).

**9.    *Riches v. Power 99.3 FM; Hot 97 FM,* C/A No. 6:07-4145-MBS-WMC.**

Plaintiff claims that the Defendants "play hip hop on behalf of the government to divert the real truth away from non stop torture in all American federal prisons." Plaintiff further claims, "I get no parole. I'm over 500 miles away from home. I get served pork. I have no access to radio. I can't get warm clothing." Plaintiff seeks seventy-five (75) million dollars in damages.

The Defendants in this case are private radio stations, which do not act under "color of state law." Since the Defendants are not amendable to suit under § 1983, and Plaintiff has failed to state a cognizable claim under that statute, the complaint must be dismissed under 28 U.S.C. §§ 1915A, 1915(e)(2).

**WARNING OF POSSIBLE SANCTIONS FOR CONTINUED VEXATIOUS FILINGS**

Plaintiff has begun to build up an extensive history of cases filed in this Court in a relatively short time.[2] The first cases were filed and summarily dismissed in early 2006. *See Riches v. Bush*, Civil Action No. 6:06-cv-00194-MBS; *Riches v. Bureau of Prisons,* Civil Action No. 4:06-cv-00442-MBS.  Since September 2007, Plaintiff has filed at least eighty-eight (88) separate cases in this Court.  The docket reflects that none of these cases were filed in proper form, and that Plaintiff has not responded to at least eight (8) proper-form orders that have been issued to date by this Court.[3]   Thus, it  appears that Plaintiff may be filing cases for the sole purpose of creating additional work for this and other federal courts. [4]   Each of Plaintiff's *pro se* complaints, regardless of facial merit, currently must be formally opened and docketed by Clerk's staff.  Following docketing, each case must undergo the Court's procedural initial review process to determine whether or not it should be summarily dismissed, amended, or served on the opposing parties.  *See* 28 U.S.C. §636(b)(1)(B); D.S.C. Civ. R. 73.02.

---

[2] Since December, 2007, Plaintiff has filed eighty (80) cases, including the present action, with this Court.  *See* Civil Actions No. 4:07-cv-4094-MBS-WMC thru 4:07-cv-4098-MBS-WMC; 6:07-cv-4135-MBS-WMC thru 6:07-cv-4139-MBS-WMC; 6:07-cv-4141-MBS-WMC thru 6:07-cv-4145-MBS-WMC; 6:08-cv-0098-MBS-WMC thru 6:08-cv-0102-MBS-WMC; 6:08-cv-0120-MBS-WMC thru 6:08-cv-0125-MBS-WMC; 6:08-cv-0166-MBS-WMC thru 6:08-cv-0174-MBS-WMC; 6:08-cv-0230-MBS-WMC; 6:08-cv-0232-MBS-WMC thru 6:08-cv-0239-MBS-WMC; 6:08-cv-0253-MBS-WMC thru 6:08-cv-0262-MBS-WMC.

[3] *See, e.g., Riches v. Simpson*, C/A No. 4:07-cv-03163-MBS; *Riches v. Simpson*, C/A No. 4:07-cv-03177-MBS; *Riches v. Simpson,* C/A No. 4:07-cv-03191-MBS; *Riches v. Simpson,* C/A No. 4:07-cv-03238-MBS; *Riches v. Joel*, C/A No. 4:07-cv-03313-MBS; *Riches v. Thomas,* C/A No. 4:07-cv-03327-MBS; *Riches v. Stewart,* C/A No. 4:07-cv-03425-MBS; *Riches v. Simpson,* C/A No. 4:07-cv-03456-MBS-WMC.

[4] According to the internet website "Justia.com," Plaintiff is also filing multiple similar cases in several other federal courts around the country.  This is malicious and vexatious behavior on Plaintiff's  part. *See* http://dockets.justia.com.

This Court has the authority to order a pre-filing injunction or other appropriate sanction against the Plaintiff. *Graham v. Riddle*, 554 F.2d 133, 135 (4th Cir. 1977). *See also Safir v. United States Lines, Inc.*, 792 F.2d 19, 23-25 (2nd Cir. 1986)(five factors for court to consider before imposing order of pre-filing review); *Flint v. Haynes*, 651 F.2d 970, 974 (4th Cir. 1981)("joined other courts in approving pre-filing review of complaints brought by prisoners with a history of litigiousness"). The sanctions which the Court may consider include, but are not limited to: denial of proceeding without prepayment of the filing fee; the imposition of a filing injunction order placing restrictions on the types of cases Plaintiff may file and the manner in which they must be submitted; monetary sanctions that will have to be satisfied before any further filings may be made; dismissal of any action; entry of an order of contempt of court; and any and all other forms of sanctions available to the Court under Rule 11 of the Federal Rules of Civil Procedure. Overly litigious, malicious, and/or vexatious individuals place a burden on the judicial system and divert judicial resources from other pending litigation, so a court must "balance between insuring access to the courts and controlling already overburdened dockets." *In Re Burnley*, 988 F.2d 1, 4 (4th Cir. 1992).

**Accordingly, Plaintiff is hereby placed on notice that sanctions may be imposed which will place restrictions on Plaintiff's ability to file future cases in this Court if he:**

- **(1)    Continues to submit cases which he fails to pursue and prosecute; and/or**
- **(2)    Continues to file cases which fail to state a claim on which relief may be granted or are deemed frivolous or malicious. *See* § 1915(e)(2)(B)(i), (ii).**

## **Recommendation**

Accordingly, it is recommended that the District Court dismiss the complaint in each of the above-captioned cases *without prejudice* and without issuance of service of process. *See Denton v. Hernandez*, 504 U.S. at 31; *Neitzke v. Williams*, 490 U.S. at 324-25; *Todd v. Baskerville* 712 F.2d at 74. Plaintiff's attention is directed to the important notice on the next page.

s/William M. Catoe
United States Magistrate Judge

February 7, 2008
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P. O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).